# THOMAS SNELL *et al.*

*v.*

# WILLIAM COTTINGHAM *et al.*

1. EVIDENCE — *as to application of payments.* The application of a payment by either party may be proved as well by circumstances as by express declarations.

2. SAME — *statement of defendant competent evidence against him, though involving admission of written contract not produced.* In a suit on a contract, where the question at issue is, whether certain payments made by the defendant to the plaintiff should be applied upon the contract sued on or not, any statements of the defendant tending to show that the payments were not made upon that contract, would be admissible in evidence, although they involved the admission that there was another contract in writing between the parties, without producing such other contract.

3. INSTRUCTION—*may direct the attention of the jury to the circumstances to be considered in determining upon a given fact.* In a suit on a contract, where the only question is as to the application of certain payments made by defendant to plaintiff, and it appears that at the time of making such payments there were two separate contracts existing between the parties, it is proper to instruct the jury to take into consideration all the evidence in regard to the payments, how they were to be applied, and what the parties were talking about when the payments were made, in determining upon which one of the contracts the payments were made, if made specially on either.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellants.

Messrs. MOORE & WARNER, Messrs. ROWELL & HAMILTON, and Messrs. STEVENSON & EWING, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought to recover for railroad ties furnished by appellees to appellants, under a written contract for the delivery by Cottingham & Co. to Snell, Taylor & Co. of 100,000 of such ties at sixty cents each. The plaintiffs below recovered a verdict and judgment for $5,708.46, and defendants appealed.

The only point of controversy is in regard to the application of three payments of money, evidenced by three respective receipts for $800, $600 and $1000; appellants claiming that they should have been allowed those items of payment, whereby the judgment would have been reduced by their amount.

It appears, by the record, that there were two firms of Cottingham & Co., one interested in a tie contract, and one interested in a railroad construction contract to lay the track and do the earth work on the same railroad; the firms being alike, except that there was one additional member in the latter firm. The matter of dispute was, on which account these

payments were made, or should be applied ; whether on the tie contract, or the construction contract, both the contracts being with the appellants, and they were being completed at the same time.

From an examination of the evidence, we think the jury were fully warranted in the conclusion that these payments were made to, and received by the construction firm, for the purpose of paying off hands engaged in the construction of the road, and that the appropriation of the payments was made at the time, upon the construction contract, by the assent and act of both parties. The application of a payment by either party may be proved as well by circumstances as by express declarations. *Bayley* v. *Wynkoop*, 5 Gilm. 449. Without enumerating the circumstances disclosed in the evidence, we regard them as sufficient from which to infer such an appropriation as above named.

It is objected that the evidence in regard to the construction contract ought not to have been received; that the contract itself should have been produced, it being claimed that it was a written one. So far as the record shows, there was no evidence of the contract being in writing so as to raise the question; but admitting that the contract was in writing, we do not regard the objection as well taken. The evidence in regard to that contract came out principally in the declarations of one of the defendants introduced in evidence, which tended to show the existence of that contract, and that the payments might have been made on account thereof. The contents of that contract were not material to be proved, nor was the evidence for the purpose of proving them, but to show that the payments were not made on the tie contract; and any statements of the defendants tending to show that they were not so made, must have been admissible in evidence, although they involved the admission that there was another contract in writing between the parties.

Objections are taken to instructions given for the plaintiffs. The second instruction was as follows:

"The court further instructs the jury, for the plaintiffs, that in deciding whether payments made by defendants to plaintiffs were made on the ties or on the construction contract, the jury will take into consideration all the evidence given in regard to the payments, how they were to be applied, what they were talking about when the payments were made, and in this manner arrive at the intention of the parties paying and receiving the money."

It is objected that this directed the jury that they *must find the application* from the conduct of the parties, and left no room for the operation of the rule of law in making the application, in the absence of any being made by the parties. We do not regard the instruction as fairly open to this criticism, or that the jury could have understood that they were so instructed. Instructions were given on behalf of the defendants as to what application of the payments the law would make, in case none had been made by the parties. These would not consist with the idea that the application could only be made by the parties, and that the jury must find how they made it. We think the instruction is to be properly understood as but directing the attention of the jury to the circumstances to be taken into consideration in determining upon which one of the contracts the payments were made, if they were made specially on either one.

It is objected to the third instruction, that in directing that if the plaintiffs applied the payments on the construction contract, without objection by defendants, the latter could not have credit therefor in this suit, the instruction was calculated to create the impression in the minds of the jury that Cottingham & Co. could make an appropriation of the payments by their own acts alone which would bind Snell, Taylor & Co., without any notice to them of such action by the former. Had the evidence of the alleged application of the payments to the construction contract consisted alone in the independent acts of Cottingham & Co., without the assent of the

debtors making the payments, it would be important to consider this objection to the instruction. But there is so much evidence in the record of a specific application by both debtors and creditors of these payments at the times they were made, and no evidence of the application, so far as we see, resting in any isolated act of the creditors, that we do not feel called upon to go into the discussion of the legal question raised by the objection. In view of the evidence we can not regard the instruction as having been productive of harm to the defendants, and affording any just ground of error. The fifth instruction is likewise objected to, but we view it as substantially correct.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*